## LEFFERTS *a.* SNEDIKER.

*Supreme Court: First District, General Term, Nov.* 1854.

ᐧHAM AND FRIVOLOUS ANSWERS, DISTINGUISHED.—THE REMEDIES.

A *sham* answer is upon its face good, but it sets up new matter which is false.
A *frivolous* answer controverts no material allegation in the complaint, and presents no tenable defence.
The remedy for a *sham* answer, is a motion to strike it out.
The remedy for a *frivolous* one, is an application for judgment, upon *five* days notice.

Motion to strike out an answer.

This action was brought upon a promissory note. The answer denied information sufficient to form a belief whether plaintiffs were the lawful owners and holders of the note, or whether the defendant was indebted to the plaintiffs, as set forth in the complaint. The plaintiffs obtained an order to show cause, returnable in *two* days, why the answer should not be stricken out as *sham, frivolous* and *irrelevant*, and the plaintiffs have judgment. Upon the hearing at special term it was ordered that the answer be stricken out as "sham and frivolous." The defendant appealed.

*C. P. Kirkland,* for plaintiffs.

*J. E. Burrill, jr.,* for defendant.—The answer was not stricken out as irrelevant, but as "sham and frivolous." Now it was not sham. (Caswell *v.* Bushnell, 14 *Barb. S. C. R.* 393.) And conceding that it was frivolous, the court had no right to strike it out, but should have proceeded under § 247 of the Code, which allows a party prejudiced

Lefferts *a*. Snediker.

by a frivolous pleading, to apply, on a notice of five days, for judgment. A defendant has the right to have his answer remain upon the record, in order to procure a review of the decision of the court. And the only mode of getting over a frivolous answer, is to apply for judgment, under § 247. (Darrow *v.* Miller, 3 *Code R.* 241 Hill *v.* Smith, 1 *Duer,* 650.)

CLERKE, J.—The Code establishes a very clear and decided distinction between sham and frivolous answers, and provides a totally different method of dealing with them. A sham answer is upon its face good, and sets up new matter, which is false ; a frivolous answer controverts no material allegation in the complaint, and presents no tenable defence.

In this case the answer is not false, or, rather, it cannot be treated as false, for it sets up no new matter, and if it could be treated as false, the plaintiff could not apply for judgment, but to have it struck out, under section 152 of the Code, upon such terms as the court may deem proper. If this answer can be considered frivolous, the application should be under section 247 of the Code, on a notice of five days, for judgment. The motion was on a notice of two days to have the answer struck out, as sham, frivolous and irrelevant, and for judgment. If the notice was on five days, and if the judge decided the answer to be frivolous, he might have given judgment under section 247, disregarding the words "sham" and "irrelevant" in the notice. The order granted merely strikes out the answer as sham and frivolous, and gives no judgment. Under the notice, the application ought not to have been granted in any shape. The plaintiff's only remedy is under section 247. Order reversed.

ROOSEVELT, J., dissented.